UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


WILLIE TRIPLETT (#100388)

VERSUS                                         CIVIL ACTION

BURL CAIN, ET AL                               NUMBER 02-770-JJB-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 23, 2014.

                                            STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE TRIPLETT (#100388)

VERSUS                                               CIVIL ACTION

BURL CAIN, ET AL                                     NUMBER 02-770-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the petitioner's Motion For Relief From Judgment Denying 28 U.S.C. § 2254 Application Pursuant to Fed. Rules Civ. Proc. Rule 60(b).  Record document number 36.

**I. Procedural History**[1]

**A. State Court Proceedings**

Petitioner was found guilty of one count of aggravated rape in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on October 31, 1996.  Petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

The First Circuit Court of Appeal affirmed the petitioner's conviction and sentence.  *State of Louisiana v. Willie Triplett*,

---

[1] The procedural history is taken from the previous Magistrate Judge's Report. Record document number 20.  Citations to the state court record and a full description of the petitioner's claims, as set forth in that report, are omitted herein.

97-0601 (La. App. 1st Cir. 6/29/98) (unpublished decision). Petitioner sought supervisory review by the Louisiana Supreme Court.  The Louisiana Supreme Court denied review.  *State of Louisiana v. Willie Triplett*, 98-2556 (La. 11/20/98), 729 So.2d 563.  Petitioner filed an application for certiorari in the United States Supreme Court.  The Court denied review. *Willie Triplett v. Louisiana*, 526 U.S. 1161, 119 S.Ct. 2053 (1999).

### B. Federal Court Proceedings

Petitioner filed his federal application for habeas corpus relief on August 15, 2002 asserting 13 grounds for relief.  On August 12, 2003, a Magistrate Judge's Report was issued recommending that the petitioner's application for habeas corpus relief be denied.[2]  On September 8, 2003, the district judge adopted the Magistrate Judge's Report as the court's opinion and entered judgment.[3]  On September 30, 2003, the petitioner filed a notice of appeal.[4]  On February 12, 2004, the United States Court of Appeals for the Fifth Circuit denied a Certificate of Appealability.[5]

---

[2] Record document number 20.

[3] Record document numbers 27 and 28, respectively.

[4] Record document number 31.

[5] Record document number 34.

## II. Applicable Law and Analysis

### A. Successive Petition

Petitioner is now before this court seeking relief from the judgment dismissing his § 2254 petition.  Initially, the court must determine whether it has jurisdiction to rule on the petitioner's Rule 60 motion.

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641 (2005), the Supreme Court stated that a Rule 60(b) motion does not contain a habeas "claim," and thus should not be construed as a successive petition, when the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532, 125 S.Ct. at 2648 (footnote omitted).  Specifically, the Court held that the petitioner does not make a "habeas corpus claim ... when he merely asserts that a previous ruling which precludes a merits determination was in error — for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 532 n. 4, 125 S.Ct. at 2648 n. 4.

In his Rule 60(b) motion, the petitioner challenged this court's prior determination denying on the merits his claim that he was denied his Sixth Amendment right to confront a witness against him (Grounds 6 and 9).  Petitioner argued that this court's 2003 determination conflicts with the Supreme Court's 2009 decision in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527

4

(2009), which held that statements of a lab analyst - held to be affidavits within the core class of testimonial statements - could not be used absent confrontation because they were "prepared specifically for use at ... trial." *Id*. at 129 S.Ct. at 2540.

Petitioner also challenged this court's prior determination denying on the merits his claim that he was denied effective assistance of counsel when counsel failed to contact witnesses identified by the petitioner, moved for a mistrial without obtaining the petitioner's consent, failed to object to the prosecutor's misconduct, and failed to conduct adequate pretrial investigation of the victim (Grounds 11, 12, 17, 18 and 19).

Finally, the petitioner argued that he is actually innocent.

Petitioner's Rule 60(b) motion is a § 2254 motion in disguise in which the petitioner seeks to "attack[] the federal court's previous resolution of a claim *on the merits*." *Gonzalez*, 545 U.S. at 532, 125 S.Ct. at 2648. Because the Rule 60(b) motion clearly goes to the merits of his habeas claims it must be construed as a successive habeas petition, as described in 28 U.S.C. § 2244.

In order to overcome the prohibition against the filing of a successive claim under 28 U.S.C. § 2244, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not

> have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. §§ 2244(b)(2)(A), (B).

Before the petition can be considered on the merits by this court, the petitioner must obtain authorization to file this successive petition from the United States Court of Appeals for the Fifth Circuit by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petition be construed in part as a motion for authorization for the district court to consider the successive claims raised herein.

It is further recommended that the petition be transferred to the United States Court of Appeals for the Fifth Circuit under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this district court.  *In re: Tony*

*Epps*, 127 F.3d 364 (5th Cir. 1997).

Baton Rouge, Louisiana, January 23, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE